CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN MIGUEL CANAIS,<br>    Petitioner, | Civil Action No. 7:06-cv-00047 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Juan Miguel Canais, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Canais challenges the validity of his 2002 conviction and sentence for conspiracy to distribute crack cocaine. Upon review of the record, the court concludes that Canais's motion must be dismissed as untimely filed.

I.

Canais pled guilty on April 5, 2002, pursuant to a plea agreement, to conspiracy to distribute 50 grams or more of crack cocaine. The court sentenced him on July 2, 2002, to sixty months imprisonment. Canais did not appeal. He signed and dated this § 2255 motion on January 9, 2006, arguing that counsel provided ineffective assistance and that the court erred in calculating petitioner's sentence based on facts to which Canais did not stipulate in his plea agreement. The court filed the petition conditionally and informed Canais that the petition appeared to be untimely filed under § 2255 para. 6(1). Canais responded, arguing that his sentence violates the rule of United States v. Booker, 125 S. Ct. 738 (2005) and that because he filed his § 2255 motion within one year of January 12, 2005, the date when the Booker opinion issued, the court should deem his petition timely filed under § 2255 para. 6(3).

II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from

1

the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255 para 6. If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The Supreme Court, in its Booker decision, extended the rule in Blakely v. Washington, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that Booker does not apply retroactively to cases on collateral review, that is, to any conviction or sentence that became final on direct review before the Booker opinion issued. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). See also United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding Booker not to be retroactive).

### III.

Canais's conviction and sentence became final on or about July 16, 2002, when his opportunity to file a direct appeal expired. See Fed. R. App. P. 4(b); United States v. Clay, 537 U.S.

2

522, 525 (2003). Since his conviction became final prior to the decision in Booker, the court finds that Booker does not apply retroactively to his § 2255 motion for collateral review. Moreover, because Booker does not apply to his case, it does not provide a basis on which to find his motion timely under § 2255 para. 6(3). As Canais did not file his § 2255 motion within one year of July 16, 2002, it is clearly late under para. (1). He does not present any ground warranting invocation of equitable tolling. See Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, the court must dismiss his § 2255 motion as untimely. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 11th day of April, 2006.

*/s/ James C. Turk*
Senior United States District Judge